IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAITWANA BOULWARE : | |
| : | NO. |
| vs. : | |
| : | |
| LIBERTY MUTUAL INSURANCE : | |

### NOTICE OF REMOVAL

AND NOW, comes defendant, Liberty Insurance Corporation, incorrectly designated Liberty Mutual Insurance (hereinafter "Liberty") for the purpose only of removing the cause to the United States District Court for the Middle District of Pennsylvania and respectfully avers as follows:

1. This is a civil action that was filed in the Court of Common Pleas of Lackawanna County, Pennsylvania, No. 13-cv-535.

2. On February 6, 2013, plaintiff instituted this action by filing her complaint. See attached true and correct copy of complaint marked as **Exhibit A**.

3. The complaint was never served on defendant.

4. Upon information and belief, plaintiff attempted to effect service on defendant through the Montgomery County Sheriff's Department at 108 Park Drive, Montgomeryville, PA 18936.

5. The Montgomery County Sheriff's Department was unable to effect service on Liberty at that address and completed a "Return of Service" indicating that service was attempted on February 19, 2013 by James Wilkinson but no service was made. The Return of Service indicated:

> There is no Park Drive in Montgomeryville. I did check Park Ave, and there is no 108. Bad address."

A copy of the Montgomery County Return of Service is attached hereto as **Exhibit B**.

6. It appears that a "Sheriff's Return - Out of County" was then docketed in the Lackawanna County Court of Common Pleas indicating that service was made upon Liberty Mutual Insurance on the 19th day of February, 2013 by the "Sheriff of Montgomery (NS) County, Pennsylvania." A copy of the Sheriff's Return - Out of County is attached as **Exhibit C**.

7. Thereafter, on or about April 17, 2013 plaintiff forwarded a Ten (10) Day Notice to Enter a Default Judgment to Liberty Mutual Insurance at 108 Park Avenue, Montgomeryville, PA 18936. A copy of the correspondence is attached as **Exhibit D**.

8. Plaintiff then filed a Praecipe for Entry of Default Judgment on May 3, 2013. A copy of the Praecipe and attachments is attached hereto as **Exhibit E**.

9. Attached to the Praecipe was a Return Receipt card indicating that delivery had been made on April 19, 2013 to Liberty Mutual Insurance, 108 Park Avenue, Montgomeryville, PA 18936 and was signed for by someone named Bhupandra Amin. Exhibit E. Neither this address, nor this name is known to defendant.

10. Nevertheless, the Praecipe for Entry of Default Judgment eventually did make it to the claims department at Liberty on or about May 9, 2013. This was defendant's first notice of the lawsuit.

11. The averments made herein are true and correct with respect to the date upon which the complaint was filed, the dates upon which notice of the default was actually received by defendant and the date upon which this notice is being filed.

12. Pursuant to U.S.C. § 1446(b) the time frame for filing a Notice of Removal is within 30 days of the date of "service" of plaintiff's complaint.

13. Since plaintiff never properly effectuated service on defendant, defendant is still within the thirty day limit for removal.[1] See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 352–53, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999).

14. Furthermore, removal after a default judgment in state court prior to defending the case on the merits is proper. Robert E. Diehl, Inc. v. Morrison, 590 F. Supp. 1190, 1192 (M.D. Pa. 1984).

15. This suit is of a civil nature and involves a controversy between citizens of different states. Plaintiff is a citizen of the Commonwealth of Pennsylvania. Defendant is now and was at the time plaintiff commenced this civil action and filed its complaint, a corporation organized under the laws of the State of Wisconsin and with its principal place of business at 175 Berkeley Street, Boston, Massachusetts.

16. Defendant, Liberty has simultaneously with the filing of this notice, given written notice to the plaintiff.

17. Defendant is also filing a copy of the instant notice of removal and all attachments thereto with the Prothonotary of the Court of Common Pleas of Lackawanna County.

18. The complaint asserts breach of contract and bad faith, pursuant to 42 PA C.S.A. §8371 against defendant. Exhibit A.

---

[1] "The thirty day removal deadline under 1446(b) is not triggered by 'mere receipt of the complaint,' but only by 'formal service.'" Alicea v. Outback Steakhouse, CIV.A. 10-4702 JLL, 2011 WL 1675036 *2 (D.N.J. May 3, 2011) citing Lee v. Genuardi's Family Mkts., No. 10–01641, 2010 WL 2869454, *1 (D.N.J. July 19, 2010) (quoting Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 352–53, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999)). "The Supreme Court has made clear that the 'service or otherwise' language [in 1446(b)] was not intended to abrogate the service requirement." Id. at 355 (quoting Murphy Bros., 526 U.S. at 352–53).

19. In plaintiff's claim for breach of contract, plaintiff demanded "an amount in excess of the jurisdictional limit regarding arbitration referral by local rule plus interest and costs," which in Pennsylvania is $50,000. Exhibit A, Count I.

20. In her bad faith claim, pursuant to 42 Pa. C.S.A. §8371, in addition to compensatory damages, plaintiff seeks interest, punitive damages, court costs and attorney's fees against defendant.

21. Defendant seeks to remove this matter to the United States District Court for the Middle District of Pennsylvania. Defendant asserts that the potential amount in controversy in this matter exceeds $75,000. As the moving party, defendant bears the burden of proving that jurisdiction is proper in federal court. Russ vs. State Farm Mutual Automobile Insurance Company, 961 F.Supp. 808, 810 (E.D. Pa. 1997).

22. In determining whether the jurisdictional amount has been satisfied, the Court must first look at the complaint. Angus vs. Shiley, Inc., 989 F.2d 142, 145 (3rd Circ. 1993).

23. The underlying lawsuit arises out of defendant's investigation, evaluation and handling of a claim for property loss benefits for a claim alleged to have occurred on March 4, 2012. Plaintiff avers that the contractual damages from his claim exceed $50,000. Plaintiff attached an estimate for her claimed damages to the complaint in the amount of $38,900.

24. With reference to the bad faith claim pursuant to 42 Pa. C.S.A.§8371, plaintiff seeks attorney's fees. Attorney's fees must also be included in determining the amount in controversy. Neff vs. General Motors Corp., 163 F.R.D. 478, 482 (E.D. Pa. 1995). It would not be unreasonable to expect that over the course of an approximate six month litigation, counsel could incur costs and fees in an amount approaching $10,000.

25. In addition, plaintiff also seeks punitive damages pursuant to 42 Pa. C.S.A. §8371. Whether both actual and punitive damages are recoverable, punitive damages are properly

considered in determining whether the jurisdictional amount has been satisfied. <u>Bell vs. Preferred Life Assurance Soc'y</u>, 320 U.S. 238, 240, 88 L. Ed. 15, 64 S. Ct. 5 (1943).

26. In the event plaintiff is able to sustain a finding of bad faith, although the propriety of same is disputed by moving defendant, it is not unreasonable to expect that a punitive damage award up to one or two times the amount in controversy could be rendered by the trier of fact.

27. Thus, the alleged amount in controversy as known at this time, coupled with estimated reasonable attorney's fees and punitive damages would exceed the jurisdictional limit of $75,000.

**WHEREFORE,** defendant, Liberty hereby removes this suit to this Honorable Court pursuant to the laws of the United States in such cases made and provided.

                                                  **BENNETT, BRICKLIN & SALTZBURG, L.L.C.**

Dated: **June 7, 2013**          By:    <u>/s/ Pamela A. Carlos</u>
                                            **PAMELA A. CARLOS, ESQUIRE**
                                            **I.D. #56396**
                                            **Bennett, Bricklin & Saltzburg, LLC**
                                            **1601 Market Street, 16th Floor**
                                            **Philadelphia, PA 19103**
                                            **carlos@bbs-law.com**
                                            *Attorney for Defendant*
                                            *Liberty Insurance Corporation, incorrectly designated Liberty Mutual Insurance*

### IN THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TAITWANA BOULWARE** | : |
| | : NO. |
| vs. | : |
| | : |
| **LIBERTY MUTUAL INSURANCE** | : |

### NOTICE

**TO:** James J Conaboy, Esquire
Abrahamsen, Conaboy & Abrahamsen, P.C.
1006 Pittston Avenue
Scranton, PA  18505

Please take notice that defendant, Liberty Insurance Corporation, incorrectly designated Liberty Mutual Insurance, has filed a Notice of Removal to the United States District Court for the Middle District of Pennsylvania removing to that Court a civil action previously pending in the Court of Common Pleas of Lackawanna County, entitled <u>Taitwana Boulware v. Liberty Mutual Insurance</u>, No. 13-cv-535.

BENNETT, BRICKLIN & SALTZBURG, L.L.C.

Dated: **June 7, 2013**     By:     /s/ Pamela A. Carlos
PAMELA A. CARLOS, ESQUIRE
*Attorney for Defendant*
*Liberty Insurance Corporation, incorrectly designated Liberty Mutual Insurance*

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAITWANA BOULWARE : | |
| : | NO. |
| vs. : | |
| : | |
| LIBERTY MUTUAL INSURANCE : | |

**PROOF OF FILING**

COMMONWEALTH OF PENNSYLVANIA:
§
COUNTY OF PHILADELPHIA        :

Pamela A. Carlos, Esquire, being duly sworn according to law, deposes and says that she is a member in the law firm of Bennett, Bricklin & Saltzburg, LLC, attorneys for defendant, Liberty Insurance Corporation, incorrectly designated Liberty Mutual Insurance.

That she did direct the filing with the Prothonotary of the Court of Common Pleas of Lackawanna County a copy of the Notice of Removal, attached hereto, said filing to be made on 10th day of June, 2013.

BENNETT, BRICKLIN & SALTZBURG, L.L.C.

Dated: __June 7, 2013__        By:        __/s/ Pamela A. Carlos__
                                                  PAMELA A. CARLOS, ESQUIRE
                                                  *Attorney for Defendant,*
Sworn to and subscribed                *Liberty Insurance Corporation,*
before me this 7th day                  *incorrectly designated Liberty Mutual*
of June , 2013                                *Insurance*

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DENISE M. PATSCH, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 24, 2013

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAITWANA BOULWARE | : |
| | : NO. |
| vs. | : |
| | : |
| LIBERTY MUTUAL INSURANCE | : |

## PROOF OF SERVICE

COMMONWEALTH OF PENNSYLVANIA:
§
COUNTY OF PHILADELPHIA          :

I, Pamela A. Carlos, Esquire counsel for defendant Liberty Insurance Corporation, incorrectly designated Liberty Mutual Insurance, certifies that a true and correct copy of this Notice of Removal was filed electronically and is available for viewing and downloading from the Electronic Case filing system which constitutes service upon the following counsel of record :

James J Conaboy, Esquire
Abrahamsen, Conaboy & Abrahamsen, P.C.
1006 Pittston Avenue
Scranton, PA  18505

BENNETT, BRICKLIN & SALTZBURG, L.L.C.

Dated: June 7, 2013     By:     /s/ Pamela A. Carlos
                                PAMELA A. CARLOS, ESQUIRE
                                *Attorney for Defendant,*
Sworn to and subscribed         *Liberty Insurance Corporation,*
before me this 7th day          *incorrectly designated Liberty Mutual*
of June, 2013                   *Insurance*

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DENISE M. PATSCH, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 24, 2013